UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN L. GOOLSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1488 RWS |
| | ) | |
| KILOLO KIJAKAZI[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Jonathan L. Goolsby brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his application for disability benefits under the Social Security Disability Insurance Program (SSDI), Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  For the reasons set forth below, I will reverse the decision of the Commissioner and remand this matter for further proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## Procedural History

Plaintiff Jonathan Goolsby was born on October 12, 1981.  (Tr. 152.)  He is currently 40 years old.  He earned a bachelor's degree in mathematics.  (Tr. 42.) The last job Goolsby held was a tech support and warranty associate.  (Tr. 44.) Goolsby protectively filed a Title II application for a period of disability and disability insurance benefits on February 14, 2014.  (Tr. 20.)  He alleges that he became disabled beginning August 28, 2013, because of his bipolar disorder.  (Tr. 197.)

Goolsby's disability application was initially denied on May 1, 2014.  (Tr. 76.)  After a hearing before an Administrative Law Judge (ALJ) on May 12, 2016, the ALJ issued a decision denying benefits on August 15, 2016.  (Tr. 17-32.)  On August 11, 2017, the Appeals Council denied Goolsby's request for review.  (Tr. 1-6.)

On September 30, 2017, Goolsby filed a complaint in this Court seeking a reversal of the Commissioner's decision and a remand of the case for further evaluation.  (Goolsby v. Berryhill, 4:17 CV 2508 NAB.)  On March 25, 2019, United State Magistrate Judge Nannette Baker issued her order remanding the matter for further evaluation.  (Tr. 378-394.)  Judge Baker found that the ALJ's evaluation of the medical evidence in the record was not supported by substantial evidence because the ALJ failed to give controlling weight to Goolsby's treating

psychiatrist's medical opinion and failed to give any weight to Goolsby's treating

licensed professional counselor's opinion.

Upon remand the ALJ held two supplemental hearings.  Goolsby did not

give substantive testimony at these hearings.  At the first supplemental hearing, on

December 11, 2019, Goolsby and his counsel appeared along with Jeffrey Andert,

Ph.D., a medical consultant employed by the Commissioner, and Delores

Gonzalez, a Vocational Expert (VE).  The hearing centered on Dr. Andert's review

of the medical records in the case and on the VE's opinion regarding work

available to a claimant based on the ALJ's hypothetical physical and mental

limitations question.  (Tr. 314-346.)  An additional hearing was held on August 6,

2020.  Dr. Andert had reviewed additional evidence submitted by Goolsby after the

first supplemental hearing and was examined about the additional evidence.  The

VE provided another opinion regarding work available to a claimant based on the

ALJ's hypothetical physical and mental limitations question.  (Tr. 347-367.)

On September 4, 2020, the ALJ issued his second decision denying benefits.

(Tr. 291-308.)  The Appeals Council appears to have denied Goolsby's request for

review but this document is not in the record.  The ALJ's decision is now the final

decision of the Commissioner.  42 U.S.C. §§ 405(g) and 1383(c)(3).

In this action for judicial review, Goolsby contends that the ALJ failed to:

(1) give controlling weight to Goolsby's treating psychiatrist's opinion regarding

Goolsby's off- task limitations; (2) include an off-task element in the hypothetical question presented to the VE, and; (3) properly evaluate Goolsby's limitation in the area of social functioning.  Goolsby requests that I reverse the Commissioner's final decision and remand the matter for the ALJ to conduct a "proper evaluation" of Goolsby's limitations.  For the reasons that follow, I will grant Goolsby's request to remand this matter for further proceedings.

## Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt Goolsby's recitation of facts (ECF # 25).  Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A.   Legal Standard

To be eligible for disability insurance benefits under the Social Security Act, a plaintiff must prove that he is disabled.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992).  The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual will be declared disabled "only

4

if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity (SGA).[2] If not, the disability analysis proceeds to the second step. In this step the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits his ability to do basic work activities. If the claimant's impairment(s) is not severe, then he is not disabled and the analysis ends. If the claimant has a severe impairment the Commissioner then proceeds to the third step and determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. If claimant's impairment(s) is equivalent to one of the listed impairments, he is

---

[2] "Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. 'Substantial work activity' is work activity that involves doing significant physical or mental activities (20 CFR 404.1572(a) and 416.972(a)). 'Gainful work activity' is work that is usually done for pay or profit, whether or not a profit is realized (20 CFR 404.1572(b) and 416.972(b)). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA (20 CFR 404.1574, 404.1575, 416.974, and 416.975). If an individual engages in SGA, he is not disabled regardless of how severe his physical or mental impairments are and regardless of his age, education, and work experience." (Tr. 295.)

5

conclusively disabled.  If the impairment is not equivalent to a listed impairment, then the Commissioner proceeds to the fourth step to determine whether the claimant can perform his past relevant work.[3]  If so, the claimant is not disabled.  If not, at the last step the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy.  If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion.  Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001).  "[Substantial evidence] means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (cleaned up). Determining whether there is substantial evidence requires scrutinizing analysis. Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision.  McNamara v. Astrue, 590

---

[3] "The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA (20 CFR 404.1560(b), 404.1565, 416.960(b), and 416.965)."  (Tr. 296.)

F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. McNamara, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. See e.g., Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider whether a claimant's subjective complaints are consistent with the medical evidence. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (listing factors such as the claimant's daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness and side effects of medication, and functional restrictions).[4] When an ALJ gives good reasons for the findings, the

---

[4] This was once referred to as a credibility determination, but the agency has now eliminated use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of an individual's character. However, the analysis remains largely the same, so the Court's use of the term credibility refers to the ALJ's evaluation of whether a claimant's "statements about the intensity, persistence, and limiting effects of symptoms are

court will usually defer to the ALJ's finding.  Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007).  However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding.  Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

B.    ALJ's Decision

In his second written decision, the ALJ found that Goolsby had not engaged in substantial gainful activity since August 28, 2013, the alleged onset of his disability, through his last date insured on December 31, 2018.  (Tr. 296.)  The ALJ found that Goolsby had the following severe impairment: bipolar disorder. (Tr. 296.)  The ALJ found that Goolsby's Asperger's or Autism Spectrum Disorder was not severe.  Nonetheless, the ALJ considered Goolsby's mental health symptoms connected to this non-severe impairment in combination with his bipolar disorder in determining Goolsby's RFC.  (Tr. 297-298.)  The ALJ determined that Goolsby's impairments or combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 298.)  The ALJ found Goolsby to have the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

---

consistent with the objective medical evidence and other evidence of record."  See SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); Lawrence v. Saul, 970 F.3d 989, 995 n.6 (8th Cir. 2020) (noting that SSR 16-3p "largely changes terminology rather than the substantive analysis to be applied" when evaluating a claimant's subjective complaints).

[W]ork limited to simple, routine, and repetitive tasks in a low stress job defined as: occasional simple work-related decisions; involves the same types of things on a day-to-day basis such that few, if any, changes in work setting or routine would occur; and, no paced production quotas.  Job responsibilities would not require more than: casual public contact incidental to accomplishment of job tasks, occasional contact with coworkers, no tandem tasks, and occasional supervision.

(Tr. 299.)  The ALJ found that Goolsby could not perform his past relevant work because the evidence in the record failed to show that Goolsby worked at the level of substantial gainful activity.  (Tr. 307.)  The ALJ consulted a vocational expert (VE) to assess whether jobs within Goolsby's RFC existed in significant numbers in the national economy.  (Tr. 363-365.)  The VE identified the jobs of a salvage laborer (10,431 positions); a cleaner II (56,027 positions)[5]; and a photo copy machine operator (9,785 positions).  (Tr. 364.)  The ALJ therefore determined that plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 308)

Goolsby claims that this decision is not supported by substantial evidence because the ALJ failed to: (1) give controlling weight to Goolsby's treating psychiatrist's opinion regarding Goolsby's off- task limitations; (2) include an off-task element in the hypothetical question presented to the VE , and; (3) properly

---

[5] The ALJ's decision lists the job of auto body detailer identified by a DOT number.  But according to the hearing transcript the VE identified the job with the same DOT number as a document preparer.

evaluate Goolsby's limitation in the area of social functioning. I agree with Goolsby's position.

C.    ALJ's Evaluation of Evidence

The majority of evidence in support of Goolsby's disability claim has not changed since Judge Baker remanded this matter to the Commissioner for further proceedings. The additional evidence consisted of the testimony of the Commissioner's medical expert, Clinical Psychiatrist Jeffrey N. Andert, Ph.D. , ABPP.[6] (Tr. 314-367, 604.) Dr. Andert reviewed the medical records in the case including newly admitted evidence of Goolsby's Autism Spectrum Disorder.

Judge Baker thoroughly reviewed the medical evidence in her memorandum and order.[7] (Tr. 378-393.) Because Judge Baker succinctly stated the issues and standards of review that also apply in this appeal, I will not repeat them here. Instead, I adopt Judge Baker's memorandum and order in its entirety. In her remand order, Judge Baker stated that the ALJ should have given controlling weight to the medical opinions of Goolsby's treating psychiatrist, Dr. Jennifer Shashek, based on her treatment records and on her Medical Assessment to Do Work Related Activities. (Tr. 583-592, 266- 277.) Dr. Shashek has been treating Goolsby for his bipolar disorder since 2013. She originally saw Goolsby every 2

---

[6] ABPP stands for a board certification from the American Board of Professional Psychology.
[7] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. § 404.1527, the Court will use the regulations in effect at the time that this claim was filed.

to 3 months (Tr. 267.)  and transitioned to seeing him every 6 months beginning in May 2017.  (Tr. 588.)  Dr. Shashek prescribes aripiprazole to Goolsby to treat his bipolar disorder.[8]

Similarly, in the ALJ's decision before Judge Baker, the ALJ had given no weight to the medical opinions of Goolsby's licensed professional counselor, Mary O'Brien.  She has been treating Goolsby since January 2007 and sees him approximately 2 to 3 times per month for psychotherapy and cognitive behavior therapy.  (Tr. 279-285.)  O'Brien offered her medical opinions in her Medical Assessment to Do Work Related Activities[9].  (Tr. 279-285)   Judge Baker found that the complete exclusion of O'Brien's medical opinions was improper and that, upon remand, the ALJ was required to consider O'Brien's medical opinions in evaluating Goolsby's impairments.  (Tr. 391.)

Upon remand the ALJ failed to give the medical opinions of Dr. Shashek controlling weight and gave little weight to O'Brien's medical opinions.  (Tr. 302-305.)  Particularly troubling is the ALJ's rejection of all the medical opinion evidence regarding Goolsby's ability to stay on-task in the work environment. Both Dr. Shashek and O'Brien opined that Goolsby's bipolar disorder would manifest in off-task behavior in the workplace more than 20% in an 8-hour work

---

[8] Aripiprazole is an antipsychotic medication.
[9] O'Brien offers substantially the same opinions in her treatment letter dated November 22, 2019, that was submitted to the ALJ after remand.  (Tr. 593.)

day.  (Tr. 268, 282.)  Moreover, the Commissioner's medical consultant, Dr. Andert, opined that Goolsby's impairments would cause him to be off-task 10 to 15 percent of the time and 10 percent or less of the time even if he was given simple routine and repetitive tasks.  (Tr. 359-362.)  The issue of off-task behavior is pivotal in this appeal because the VE testified that there is no tolerance for off-task behavior or unscheduled breaks in the workplace.  (Tr. 342, 365.)

The ALJ rejected all three medical opinions regarding off-task behavior. The ALJ stated that no weight would be given these opinions because "there are simply no data points, clinical observations, objective testing, vocational observations, or other means by which one could reasonably extrapolate the precise articulation of off-task behavior …"  (Tr. 303-304.)  Dr. Shashek has been consistently observing and treating Goolsby for 9 years.  O'Brien has been consistently observing and treating Goolsby for 15 years.  These two medical providers had more than sufficient interactions with Goolsby to opine about his off-task behavior.  Their opinions are also consistent based on their supplements to the record that contain the same conclusions in 2019 and 2020.  (Tr. 593, 611-612, and 614.)   Moreover, at the first supplemental hearing Dr. Andert testified that although there may not be any objective test or evidence regarding Dr. Shashek's off-task assessment, a psychiatrist may not document all aspects of a claimant's functioning and that Dr. Shashek had multiple appointments over multiple years to

12

observe Goolsby.  (Tr. 339)  Dr. Andert also assessed a 10 percent or less off-task behavior based on all the medical evidence.  In sum, the ALJ's conclusion that there were not any means by which one could reasonably extrapolate the precise articulation of off-task behavior is not supported by the evidence.  Dr. Shashek's and O'Brien's years of observation and treatment of Goolsby are more than sufficient to support their off-task assessments.  The ALJ's conclusion ignores the substantial consistency among the examining and treating medical providers.  Based upon the foregoing I find that the ALJ erred in giving no weight to the medical opinions of Dr. Shashek, O'Brien, and Dr. Andert's opinion's regarding Goolsby's off-task workplace assessment.  Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight. [] A treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.").

In addition, because Goolsby's off-task workplace assessment has an impact on any available jobs, the ALJ erred by failing to include and off-task factor in his hypothetical question to the VE.  Newton v. Chater, 92 F.3d 688, 694–95 (8th Cir. 1996) ("A hypothetical question must precisely describe a claimant's impairments

so that the vocational expert may accurately assess whether jobs exist for the claimant.").

The ALJ's decision also contained an inconsistent evaluation of Goolsby's social functioning limitations.  In his original decision that was appealed for Judge Baker's review, the ALJ found that Goolsby had marked limitations in the area of social functioning.  (Tr. 24.)  The ALJ's assessment changed in his decision at issue in this appeal.  The ALJ found that Goolsby only had a moderate limitation in the area of social functioning.  (Tr. 298.)  He reached that conclusion despite the additional evidence placed in the record after remand, and adopted by the ALJ, that Goolsby has an additional non-severe impairment of Autism Spectrum Disorder that was not included in the previous proceeding.  (Tr. 297.)  This additional non-severe impairment would have a negative impact on Goolsby's social functioning assessment.  Yet the ALJ increased this function measure from a marked limitation to a moderate limitation without explanation.  Because the ALJ's latest decision also found that Goolsby had a marked limitation in the area of adapting or managing oneself (Tr. 299.), if the ALJ had also found a marked limitation in Goolsby's social functioning Goolsby would have met the Listing 12.04 requirements to automatically qualify for Social Security disability.  20 C.F.R. § Pt. 404, Subpt. P, App. 1.  As a result, I find that the ALJ's decision does not

support his finding that Goolsby only has a moderate limitation in the area of social functioning.

### Conclusion

Based on the complete record in this case, I find that the ALJ's conclusions regarding Goolsby's off-task assessment and social functioning assessment are not supported by substantial evidence in the record. As a result, I will remand this matter to the Commissioner for further proceedings consistent with this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and this case **REMANDED** for further proceedings consistent with this opinion.

A separate Judgment is entered herewith.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 29th day of March, 2022.